| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **DISTRICT OF DELAWARE** | |
| Case number *(if known)* **25-12188 (KBO)**    Chapter **11** | ☑ Check if this is an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy      04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **GST, INC.** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **Grand Slam Track, Inc.** |
| 3. | Debtor's federal Employer Identification Number (EIN) | **99-0501002** |
| 4. | Debtor's address | **Principal place of business**<br><br>**322 Culver Boulevard, Suite #150**<br>**Playa Del Rey, CA 90293**<br>Number, Street, City, State & ZIP Code<br><br>**Los Angeles**<br>County | **Mailing address, if different from principal place of business**<br><br>**GST, Inc.**<br>**c/o Nicholas Rubin**<br>**5271 California Ave, Suite 270**<br>**Irvine, CA 92617**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **https://www.grandslamtrack.com** |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Debtor    **GST, INC.**            Case number (*if known*)    **25-12188 (KBO)**
       Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ■ None of the above |
| | | |
| | | B. *Check all that apply* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. §501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | | **7112** |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ■ Chapter 11. *Check **all** that apply*: |
| | |      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). |
| | |      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | |      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | |      ☐ A plan is being filed with this petition. |
| | |      ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | |      ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | |      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ■ No. <br> ☐ Yes. <br><br> District _____ When _____ Case number _____ <br> District _____ When _____ Case number _____ |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ■ No <br> ☐ Yes. |

| Debtor | GST, INC. | Case number (*if known*) | 25-12188 (KBO) |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1, attach a separate list

Debtor _____  Relationship _____
District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____
  Number, Street, City, State & ZIP Code

  **Is the property insured?**
  - ☐ No
  - ☐ Yes.  Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ■ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ■ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

---

| Debtor | GST, INC. | Case number (*if known*) | 25-12188 (KBO) |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **12/15/2025**
MM / DD / YYYY

X _[signature]_
Signature of authorized representative of debtor

**Nicholas Rubin**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Jason D. Angelo**
Signature of attorney for debtor

Date **12/15/2025**
MM / DD / YYYY

**Jason D. Angelo**
Printed name

**Reed Smith LLP**
Firm name

**1201 N. Market Street, Suite 1500**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 778-7500**    Email address **jangelo@reedsmith.com**

**6009 (DE)**
Bar number and State

**ACTION BY WRITTEN CONSENT
IN LIEU OF MEETING
OF
GST, INC.
a Delaware corporation**

**December 11, 2025**

The undersigned, constituting the entire Board of Directors (the "Board") of **GST, Inc.**, a Delaware corporation (the "Company" or "Corporation"), do hereby take the following actions by written consent in lieu of a meeting pursuant to Section 141(f) of the Delaware General Corporation Law. Each director hereby expressly waives notice of such meeting and expressly waives the delivery of any information, documents or materials otherwise required to be furnished by law.

**WHEREAS**, the Board has reviewed and considered certain materials and information presented by the management of the Company and the Company's financial and legal advisors; including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, ability and need to obtain financing, the short- and long-term prospects of the Company, strategic alternatives available to it, venue considerations, and the effect of the foregoing on the Company's business, residents, creditors and stakeholders, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to consider the strategic alternatives available to the Company; and

**WHEREAS**, on its review of the engagement letter of Force10 Partners LLC ("Force10"), dated December 4, 2025, and the terms and conditions therein, and upon the advice of counsel, the Board has determined that the terms and conditions of such letter are customary in agreements of such kind and fair and reasonable to the Corporation and that it is advisable and in the best interests of the Corporation to engage Force10 to provide Nicholas Rubin to serve as Chief Restructuring Officer of the Company (the "CRO") and other personnel to support the CRO, effective as of the date of filing the petition for bankruptcy, until the appointment and qualification of his successor, or until his earlier resignation, death or removal; and

**WHEREAS**, the Board has determined that it is in the best interests of the Corporation, its creditors and other parties in interest, to pursue relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") for the Company and that the Company undertake related actions (collectively, the "Restructuring Matters").

**NOW, THEREFORE, BE IT:**

**Appointment of CRO**

**RESOLVED**, that Nicholas Rubin is hereby appointed as CRO of the Corporation effective as of the date hereof, until the appointment and qualification of his successor, or until his earlier resignation, death or removal, with the duties and responsibilities attendant to such office in the ordinary course, including, without limitation, to oversee and direct all matters related to the preparation and execution of a restructuring proceeding, including but not limited to: (a) addressing all matters relating to budget items, including construction of a budget,

reviewing disbursements, and creating variance reports, (b) assisting in the identification of cost reduction and operations improvement opportunities, (c) developing, and if deemed appropriate pursuing confirmation of, restructuring plans or strategic alternatives for maximizing enterprise value of the Corporation's business, (d) assisting with managing and overseeing the financial restructuring of the businesses, assets, liabilities, and interests of the Corporation, (e) assisting the Corporation's management with all issues related to executing and overseeing a restructuring, (f) assisting with managing vendor relationships, (g) serving as the principal contact with the Corporation's creditors and banks with respect to the Corporation's financial and operational matters, (h) working with the Corporation's counsel and financial advisor to optimize capital structure and assess strategic alternatives, (i) attending meetings and assisting in discussions with banks, creditors and other parties in interest, and professionals hired by same, as requested, and (j) providing other related services as requested by the Corporation and the Governing Body in connection with the Chapter 11 Case.

**Commencement and Prosecution of Bankruptcy Case**

**RESOLVED**, that the Corporation shall file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of the Bankruptcy Code for the Corporation in the United States Bankruptcy Court for the District of Delaware or such other court as the appropriate officer or officers of the Corporation shall determine to be appropriate (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing, the performance of such acts to constitute conclusive evidence of the reasonableness, advisability, expedience, convenience, appropriateness, or necessity thereof;

**FURTHER RESOLVED**, that each of the Independent Director and CRO (together with any persons to whom the Independent Director or CRO delegates certain responsibilities, each, an "Authorized Person" and collectively, the "Authorized Persons"), is hereby authorized and appointed to act as signatory on behalf of the Corporation in respect of the Restructuring Matters, and each of the Authorized Persons, acting alone or with one or more other Authorized Persons be, and hereby are, authorized and empowered to execute, verify, deliver and file on behalf of, and in the name of, the Corporation all petitions, schedules, lists, motions, applications, pleadings, and other papers or documents to commence or administer the Chapter 11 Case and obtain any relief in accordance with these resolutions, and to take, or cause to be taken, any and all action that such Authorized Person(s) in his/her/their absolute discretion deems necessary, appropriate or desirable to obtain the relief authorized in these resolutions, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operations of the Corporation's or any of its affiliate's (if any) businesses, and to prosecute the Chapter 11 Case, including proposing, and seeking confirmation of, any plan or plans of reorganization, and any and all other actions that such Authorized Person(s) in his/her/their absolute discretion deems necessary, appropriate or desirable to obtain to prosecute or defend in the Chapter 11 Case;

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and directed, in the name of the Corporation, to employ and engage the following professionals on behalf of the Corporation: (i) law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P. and Reed Smith LLP as bankruptcy counsel to the Corporation for purposes of filing the Chapter 11

bankruptcy petition and representing the Corporation in the Chapter 11 bankruptcy case and all matters related thereto, (ii) Kekst CNC as strategic communications firm to the Corporation, (iii) Force10 Partners to provide Nicholas Rubin to serve as CRO and other personnel to support the CRO pursuant to the terms of the applicable engagement letter, (iv) Stretto, Inc. as claims and noticing agent, and (v) any other professionals to represent or assist the Corporation in connection with the Corporation's Chapter 11 bankruptcy case that the Authorized Person deems necessary, appropriate or advisable for the best interests of the Corporation; each to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law, and to take any and all actions to advance the Corporation's rights and interests (including, without limitation, the law firms filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and, in connection therewith, each Authorized Person be, and hereby is, authorized and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the Corporation's Chapter 11 Case, and cause to be filed appropriate applications for authority to retain such services, and such Authorized Person's retention thereof to constitute conclusive evidence of such Authorized Person's approval and the necessity, desirability or appropriateness thereof; and

**FURTHER RESOLVED**, that each Authorized Person is hereby authorized and directed on behalf of and in the name of the Corporation to execute and file and to cause counsel to the Corporation to prepare with the assistance of the Corporation as appropriate all petitions, schedules, lists and other papers, documents and pleadings and to take any and all action which the Independent Director deems necessary and proper in connection with the Corporation's Chapter 11 bankruptcy case; and

**FURTHER RESOLVED**, that the law firm Levene, Neale, Bender, Yoo & Golubchik L.L.P. and Reed Smith LLP, and any additional special or local counsel selected by the Authorized Person, if any, shall be, and hereby are, authorized, empowered and directed to represent the Corporation, as debtor and debtor in possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code; and

**FURTHER RESOLVED**, that the authority granted to each Authorized Person pursuant to the foregoing resolutions to cause the Corporation to take further actions in connection with the Corporation's Chapter 11 bankruptcy case shall include, but not be limited to, seeking Bankruptcy Court approval for the Corporation to use cash collateral and/or to obtain post-bankruptcy financing and executing any agreements related to any of the foregoing; compensating employees; hiring and terminating employees; purchasing products or materials; selling products; entering into or continuing with agreements; collecting accounts receivable; negotiating with creditors, lenders, vendors, suppliers and landlords; assuming, assigning, or rejecting executory contracts and unexpired leases; renegotiating the terms of executory contracts and unexpired leases; signing new or amended contracts and leases; commencing and defending litigation involving the Corporation; marketing the Corporation's assets for sale and consummating the sale of all or substantially all of the Corporation's assets for the most money possible; and formulating, filing and seeking to confirm a plan of reorganization.

### General

**RESOLVED**, that each Authorized Person be, and each of them hereby is, authorized and directed, for and on behalf of the Corporation, to execute all documents and take such

further action, including without limitation, to pay or approve the payment of all fees and expenses incurred by or on behalf of the Company, as they may deem necessary, appropriate or advisable to effect the purposes of each of the foregoing resolutions;

**FURTHER RESOLVED**, that all actions heretofore taken on behalf of the Corporation by the Board be, and they hereby are, ratified and affirmed as the authorized acts of the Corporation in all respects and the signature of any Authorized Person on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence of the approval of such act or thing by the Corporation;

**FURTHER RESOLVED**, that this written consent may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same consent and a facsimile or electronic transmission of an executed signature page to this written consent shall be deemed an original for all purposes; and

**FURTHER RESOLVED**, that the Board directs that this written consent be filed with the minutes of the proceedings of the Board.

**IN WITNESS WHEREOF**, the undersigned have executed this Action By Written Consent as of the date first written above.

_____
Michael Johnson

_____
J. Rudy Freeman

_____
Stephen F. Gera

further action, including without limitation, to pay or approve the payment of all fees and expenses incurred by or on behalf of the Company, as they may deem necessary, appropriate or advisable to effect the purposes of each of the foregoing resolutions;

**FURTHER RESOLVED**, that all actions heretofore taken on behalf of the Corporation by the Board be, and they hereby are, ratified and affirmed as the authorized acts of the Corporation in all respects and the signature of any Authorized Person on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence of the approval of such act or thing by the Corporation;

**FURTHER RESOLVED**, that this written consent may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same consent and a facsimile or electronic transmission of an executed signature page to this written consent shall be deemed an original for all purposes; and

**FURTHER RESOLVED**, that the Board directs that this written consent be filed with the minutes of the proceedings of the Board.

**IN WITNESS WHEREOF**, the undersigned have executed this Action By Written Consent as of the date first written above.

_____
Michael Johnson

_____
J. Rudy Freeman

_____
Stephen F. Gera

further action, including without limitation, to pay or approve the payment of all fees and expenses incurred by or on behalf of the Company, as they may deem necessary, appropriate or advisable to effect the purposes of each of the foregoing resolutions;

**FURTHER RESOLVED**, that all actions heretofore taken on behalf of the Corporation by the Board be, and they hereby are, ratified and affirmed as the authorized acts of the Corporation in all respects and the signature of any Authorized Person on any document, instrument, certificate, agreement or other writing shall constitute conclusive evidence of the approval of such act or thing by the Corporation;

**FURTHER RESOLVED**, that this written consent may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same consent and a facsimile or electronic transmission of an executed signature page to this written consent shall be deemed an original for all purposes; and

**FURTHER RESOLVED**, that the Board directs that this written consent be filed with the minutes of the proceedings of the Board.

**IN WITNESS WHEREOF**, the undersigned have executed this Action By Written Consent as of the date first written above.

_____
Michael Johnson


_____
J. Rudy Freeman

_____
Stephen F. Gera

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GST, INC.,[1] | ) ) | Case No. 25-12188 (KBO) |
| Debtor. | ) ) ) |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests:

| Shareholder | Type of Interest | Approximate Percentage of Preferred Shares Held |
|---|---|---|
| Winners Alliance, Inc. | Preferred Shares | 100% |

---

[1] The last four digits of the Debtor's taxpayer identification number are 1002. The Debtor's corporate headquarters and service address is 322 Culver Boulevard, Suite 150, Playa Del Rey, CA 90293.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GST, INC.,[1] | ) | Case No. 25-12188 (KBO) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[2]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "Debtor") respectfully represents that the following is the list of holders of the Debtor's classes of equity or membership interests:

| Name | Address | Type of Interest | Percentage |
|---|---|---|---|
| Michael Johnson | Address on File | Common Shares Series A (Voting) | 100% |
| Robert Smith | 401 Congress Avenue Suite 3100 Austin, TX 78701 | Common Shares Series B (Non-Voting) | 11.17%[3] |
| Steven F. Gera | Address on File | Common Shares Series B (Non-Voting) | 88.83% |
| Winners Alliance, Inc. | 8484 Westpark Drive Suite 630 Tysons, VA 22102 | Preferred Shares Series Seed (Voting) | 100% |

---

[1] The last four digits of the Debtor's taxpayer identification number are 1002. The Debtor's corporate headquarters and service address is 322 Culver Boulevard, Suite 150, Playa Del Rey, CA 90293.

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

[3] Certain of the Debtor's employees were offered up to 1,444,600 Series B Common Shares in connection with their employment (such shares, the "Employee Shares"). However, no such shares have been issued, and none of the employees' rights have vested as of the petition date. Accordingly, the percentages of ownership of Series B Common Shares set forth herein do not reflect the Employee Shares.

**Fill in this information to identify the case:**

Debtor name: GST, INC.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): 25-12188 (KBO)

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Momentum-CHP Partnership<br>393 Church Street<br>Saratoga Springs, NY 12866 | Melissa Ives<br>(518) 207-9627<br>melissa@carr-hughes.com | Vendor | | | | $3,035,583.93 |
| 2 | PMY Ets Usa Inc.<br>722 Cedar Point Blvd<br>No. 187<br>Cedar Point, NC 28584 | (972) 934-3700<br>etsfinance@pmygroup.com | Vendor | | | | $1,267,579.98 |
| 3 | Girraphic<br>5th Floor<br>The Courtyard<br>Wimbledon<br>SW19 4DW United Kingdom | Billy Cromarty<br>billy@girraphic.com | Vendor | | | | $690,624.13 |
| 4 | Tata Communications<br>930 Hilgard Avenue<br>Los Angeles, CA 90024 | Meredith Wolcott<br>(310) 443-8235<br>meredith.wolcott@tatacommunications.com | Vendor | | | | $485,000.00 |
| 5 | Sydney McLaughlin-Levrone<br>c/o Rob Koslowsky<br>WME Entertainment<br>9601 Wilshire Boulevard<br>3rd Floor<br>Beverly Hills, CA 90210 | Rob Koslowsky<br>(310) 859-4587<br>rkoslowsky@wmeagency.com | Vendor | | | | $356,250.00 |
| 6 | Eversheds Sutherland LLP<br>999 Peachtree Street NE<br>Atlanta, GA 30309 | Baird D. Fogel<br>(415) 528-2605<br>bairdfogel@eversheds-sutherland.com | Professional Services | | | | $324,968.50 |
| 7 | Jack Morton Worldwide Inc.<br>909 Third Avenue<br>8th Floor<br>New York, NY 10022 | Larry Hartman<br>(617) 585-7000<br>Larry_Hartman@jackmorton.com | Vendor | | | | $314,145.00 |
| 8 | Allied Global Marketing<br>101 Huntington Avenue<br>Boston, MA 02199 | Jaime Prunty<br>(404) 239-5452<br>jprunty@alliedglobalmarketing.com | Vendor | | | | $283,895.29 |
| 9 | CITIUS MAG<br>224 West 124th Street<br>#606<br>New York, NY 10027 | Chris Chavez<br>(347) 873-0013<br>chris@citiusmag.com | Vendor | | | | $272,915.80 |

| Debtor | GST, INC. | | Case number (*if known*) | 25-12188 (KBO) |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 10 | Two Circles<br>30 West 26th Street<br>3rd Floor<br>New York, NY 10010 | Esther Ruck<br>esther.ruck@twocircles.com | Vendor | | | | $250,000.00 |
| 11 | Gabby Thomas<br>c/o Range Sports, LLC<br>2425 Michigan Avenue<br>Santa Monica, CA 90404 | Lowell Taub<br>ltaub@rangemp.com<br>(917) 754-8469 | Vendor | | | | $249,375.00 |
| 12 | SRK Strategies<br>237 27th Street<br>Brooklyn, NY 11232 | (917) 572-5414<br>finance@srkstrategies.com | Vendor | | | | $248,164.68 |
| 13 | TMSCORPRO<br>12223 Highland Avenue<br>Suite 106-866<br>Rancho Cucamonga, CA 91739 | Felix Torres<br>felix@tmscorpro.com | Vendor | | | | $238,850.75 |
| 14 | Kenny Bednarek<br>c/o Dwight Thomas<br>AMP Global<br>390 N Orange Avenue<br>Suite 2300<br>Orlando, FL 32801 | Dwight Thomas<br>(352) 256-9442<br>dwight@auctusglobalsports.com | Vendor | | | | $225,000.00 |
| 15 | The Parker Company LLC<br>6205 Blue Lagoon Drive<br>Suite 300<br>Miami, FL 33126 | Morgan Hirsch<br>(305) 455-4307<br>mhirsch@parkerinternational.com | Vendor | | | | $222,364.59 |
| 16 | Josh Kerr<br>c/o Ray Flynn<br>Flynn Sports Group Inc.<br>625A Hales Chapel Road<br>Gray, TN 37615 | Ray Flynn<br>(423) 747-1319<br>raypflynn@gmail.com | Vendor | | | | $218,750.00 |
| 17 | Marileidy Paulino<br>c/o Juan Pineda<br>Athletics Around the World<br>45200-001<br>IFZA Business Park<br>DDP<br>Silicon Oasis<br>Dubai, U.A.E | Juan Pineda<br>+34 625601602<br>Juan@pinedasport.com | Vendor | | | | $211,875.00 |
| 18 | Alison Dos Santos<br>c/o Valentina Fedjuschina<br>Sport Etalon<br>42 Eagle Court<br>The Woodlands, TX 77380 | Valentina Fedjuschina<br>+351-916-171-783<br>valentinafsport@outlook.com | Vendor | | | | $190,625.00 |
| 19 | Melissa Jefferson-Wooden<br>c/o Total Sports Management US<br>1931 Villa Court<br>Johnson City, TN 37615 | Mark Block<br>(305) 766-0882<br>office@teamtotal.com | Vendor | | | | $190,625.00 |
| 20 | Elysian Strategic Marketing, Inc.<br>415 Molino Street<br>Suite 7<br>Los Angeles, CA 90013 | (516) 652-0774<br>accounting@androbin.com | Vendor | | | | $179,547.09 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 2

**Fill in this information to identify the case:**

Debtor name: __GST, INC.__

United States Bankruptcy Court for the: __DISTRICT OF DELAWARE__

Case number (if known): __25-12188 (KBO)__

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration    List of Equity Holders; Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __December 15, 2025__    X _/s/ Nicholas Rubin_
                                        Signature of individual signing on behalf of debtor

**Nicholas Rubin**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor