IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GST, INC.,[1] | ) ) | Case No. 25-12188 (KBO) |
| Debtor. | ) ) ) |  |

**DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING
THE DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION
INFORMATION AND (II) GRANTING RELATED RELIEF**

GST, Inc., as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (this "Chapter 11 Case"), hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), (i) authorizing the Debtor to redact certain Personal Identification Information (as defined below) for individuals in papers filed or to be filed with this Court and granting related relief. In support of the Motion, the Debtor relies upon and incorporates by reference the *Declaration of Nicholas Rubin in Support of the Certain First Day Pleadings*, filed contemporaneously herewith. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

---

[1] The last four digits of the Debtor's taxpayer identification number are 1002. The Debtor's corporate headquarters and service address is 322 Culver Boulevard, Suite 150, Playa Del Rey, CA 90293.

2. Venue of this Chapter 11 Case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to entry of a final order by this Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory and legal predicates for the relief sought herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), rules 1007, 2002, 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(d), 1007-1, 1007-2, and 9018-1.

## BACKGROUND

5. On December 11, 2025, the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No statutory committee of unsecured creditors has been appointed by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and no trustee or examiner has been appointed in the Chapter 11 Case.

## RELIEF REQUESTED

7. By this Motion, the Debtor respectfully requests entry of the Proposed Order (i) authorizing the Debtor to redact certain personally identifiable information for individuals in the list of creditors required by Bankruptcy Rule 1007(a)(1) and Local Rule 1007-2 (the "Creditor

Matrix"), the list of equity holders required by Bankruptcy Rule 1007(a)(3) (the "Equity Holder List"), the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules"), affidavits or certificates of service, and other papers filed or to be filed with this Court, and (ii) granting related relief.

## BASIS FOR RELIEF

8. The Debtor respectfully submits that it is appropriate to authorize the Debtor to redact from any paper filed with the Court in the Chapter 11 Case—including, without limitation, the Creditor Matrix, Equity Holder List, Schedules, and affidavits or certificates of service—the home and email addresses (if applicable) of individuals (the "Personal Identification Information") because such information could be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or others who have taken steps to conceal their whereabouts.[2]

9. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant Corp.*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks

---

[2] This risk is not merely speculative, as there have been examples in the past where non-interested parties have utilized the publicly available information in bankruptcy cases to track down, stalk, or otherwise contact individuals involved in bankruptcy cases. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at the employee's address, which had not been publicly available until then, forcing the employee to change addresses for safety reasons. This incident is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [D.I. 4].

omitted). Indeed, the Third Circuit recently held that bankruptcy courts "lack discretion to decline to protect . . . information" covered by section 107 of the Bankruptcy Code. *See In re ESML Holdings Inc.*, Nos. 23-2954 & 24-2265, 2025 WL 1119944 (3d Cir. April 16, 2025).

10. Section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

11. Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). If a debtor can show that disclosure of any "means of identification," or some "other information," creates "undue risk of identity theft" or "other unlawful injury," courts may intervene to curtail disclosure of that information. *Id.* Section 1028(d)(7)(A) contemplates as a "means of identification" any "name or number . . . used alone or in conjunction with any other information" to identify a specific individual. 18 U.S.C. § 1028(d)(7). A personal address is precisely that: a combination of names and numbers used to identify a specific individual.

Therefore, although not specifically enumerated, a personal address fits within the types of "means of identification" set forth by section 1028(d)(7)(A).

12. Here, the personal mailing and email addresses of individuals identified in the Chapter 11 Case, including the Debtor's individual creditors, fit squarely within section 1028(d)(7)(A) of title 18 of the United States Code, and disclosure of such information would create an undue risk of identity theft contemplated by section 107(c) of the Bankruptcy Code and would potentially cause other types of unlawful injury to these individuals.

13. Courts in this district have stressed the importance of authorizing debtors to redact individual creditors' Personal Identification Information, including home addresses in particular. In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to similar relief proposed here, the court noted that the proposed redaction was not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020) [D.I. 82]. The court concluded that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16. Likewise, in *Clover Technologies*, this Court overruled the U.S. Trustee's objection to the same relief, stating:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [D.I. 146] (authorizing the debtors to redact personal identification

information, including home address information, of all individuals on documents filed with the court).

14. The Debtor proposes to provide (if requested), on a confidential basis, an unredacted version of the Creditor Matrix, Equity Holder List, Schedules, and any other applicable filings to the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in this Chapter 11 Case, any subsequently appointed trustee, and any party in interest upon reasonable request. In addition, any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with this Court to obtain such documents.

15. Courts in this jurisdiction and others have granted comparable relief in other chapter 11 cases. *See*, *e.g.*, *In re Alachua Gov't Servs.*, No. 25-11259 (JKS) (Bankr. D. Del. July 11, 2025) (authorizing debtor to redact addresses of individuals from the creditor matrix and any other paper filed or to be filed with the court); *In re Zen JV, LLC*, Case No. 25-11195 (Bankr. D. Del. June 27, 2025) (JKS) (same); *In re AIO US, Inc.*, Case No. 24-11836 (CTG) (Bankr D. Del. Aug 14, 2024) (same); *In re Cano Health, Inc.*, Case No. 24-10164 (KBO) (Bankr. D. Del. Feb. 7, 2024) (same); *In re Terraform Labs PTE. Ltd*, Case No. 24-10070 (BLS) (Bankr. D. Del. Jan. 31, 2024) (same); *In re Phoenix Servs. Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del. Sept. 28, 2022) (same); *In re Kabbage, Inc.*, Case No. 22-10951 (CTG) (Bankr. D Del. Oct. 6, 2022) (same).

16. For these reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact from papers filed in the Chapter 11 Case, including the Creditor Matrix, Equity Holder List, Schedules, and affidavits or certificates of service, the Personal Identification Information of individuals because such information could be used to perpetrate identity theft or

stalking. Absent such relief, the Debtor would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## **NO PRIOR REQUEST**

17. No prior request for the relief sought herein has been made to this Court or any other court.

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)(ii)**

18. Under the circumstances, and given the nature of the relief requested herein, the Debtor has not been able to confer with the individuals whose information is requested to be sealed, and accordingly, the Debtor submits that there is cause to excuse the Debtor from the meet and confer obligations under Local Rule 9018-1(d)(ii). Moreover, the Debtor submits that the relief requested in this Motion does not adversely affect such individuals and is designed to protect the personal information of such individuals.

## **NOTICE**

19. Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the Debtor's 20 largest unsecured creditors (excluding insiders); and (iii) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtor respectfully requests that this Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and granting such other relief as is appropriate.

Dated: December 18, 2025,
       Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Jason D. Angelo*
Kurt F. Gwynne (No. 3951)
Jason D. Angelo (No. 6009)
Gabrielle A. Colson (No. 7179)
1201 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: kgwynne@reedsmith.com
Email: jangelo@reedsmith.com

- and -

David B. Golubchik, Esq. (*pro hac vice* pending)
Krikor J. Meshefejian, Esq. (*pro hac vice* pending)
**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com
Email: kjm@lnbyg.com

*Proposed Counsel for the Debtor and Debtor in Possession*