## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| GST, INC.,[1] | ) Case No. 25-12188 (KBO) |
| Debtor. | ) |

### DECLARATION OF NICHOLAS RUBIN
### IN SUPPORT OF CERTAIN FIRST DAY PLEADINGS

Pursuant to 28 U.S.C. § 1746, I, Nicholas Rubin, do hereby declare, under penalty of perjury, the following to the best of my information, knowledge, and belief:

1. I am a partner with Force Ten Partners, LLC ("Force Ten"), which is a financial advisory firm with its principal office located at 5271 California Avenue, Suite 270, Irvine, California 92617. Force Ten also has offices in the Los Angeles, Dallas, and Las Vegas metro areas. Pursuant to Force Ten's engagement agreement with GST, Inc., d/b/a Grand Slam Track, Inc. ("GST" or the "Debtor"), I have been appointed as GST's Chief Restructuring Officer ("CRO"). I have personal knowledge of the facts set forth in this Declaration, expect as otherwise stated, and, if called as a witness, I could and would competently testify with respect to such facts.

2. Force Ten was retained by GST prior to GST's bankruptcy filing to provide certain advisory and CRO services to GST. Force Ten has extensive experience in providing CRO services and serving as a financial advisor to debtors, creditors, trustees, committees, and other parties in interest in a variety of bankruptcy matters, including acting as the CRO, independent director, and/or financial advisor in bankruptcy proceedings.

---

[1] The last four digits of the Debtor's taxpayer identification number are 1002. The Debtor's corporate headquarters and service address is 322 Culver Boulevard, Suite 150, Playa Del Rey, CA 90293.

3. I have approximately twenty (20) years of experience providing financial advisory, restructuring and turnaround services and have advised companies across a diverse range of industries. Recent bankruptcy cases in which I served as CRO include *In re Fu Bang Group Corp. USA*, Case No. 25-13004 (Bankr. C. D. Cal. May 7, 2025); *In re Adelaida Cellars, Inc.*, Case No. 24-11409 (Bankr. C. D. Cal. Dec. 13, 2024); *In re Reliant Life Shares, LLC*, Case No. 24-11695 (Bankr. C. D. Cal. Oct 7, 2024); *In re Contour Propco 1735 S. Mission LLC*, Case No. 23-12081 (Bankr. D. Nev. May 23, 2023); *In re Rubio's Restaurants, Inc.*, Case No. 20-12688 (MFW) (Bankr. D. Del. Oct 26, 2020); *In re Alpha Guardian, a Nevada Corp.*, Case No. 20-11016 (Bank. D. Nev. Feb. 24, 2020); and *In re Pacific Mortgage Exchange*, Case No. 17-15082 (Bank. C. D. Cal. Jul. 13, 2017).

4. I have served as CRO of GST since December 4, 2025. I am familiar with GST's debt structure, day-to-day operations, business and financial affairs, and books and records. I am likewise familiar with GST's corporate structure, operations, vendors, and service providers. I am authorized to submit this declaration (this "<u>Declaration</u>") on behalf of GST.

5. I submit this Declaration in support of certain relief sought in the First Day Pleadings (as defined below) filed by GST. Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge; my discussions with GST's personnel and other representatives; my review of business records maintained in the regular course of business, other relevant documents, and other information prepared or collected by the GST's employees; my opinion based on my professional experience and my experience with GST's operations and financial condition; or my discussions with the Debtor's advisors, including Levene Neale Bender Yoo & Golubchik, LLP, and Reed Smith LLP as restructuring co-counsel to the Debtor. In making statements based on documents and information prepared or collected

by GST's employees or my conversations with the Debtor's representatives and advisors, I have relied upon the accuracy of such documentation and other information. I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtor.

6.  On December 11, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. The Debtor intends to continue in possession of its assets and the management of its businesses as debtor in possession during the pendency of this chapter 11 cases (the "Chapter 11 Case"). No trustee or examiner has been appointed in this Chapter 11 Case and no statutory committees have been appointed at this time.

7.  To minimize the adverse effects on its businesses, the Debtor filed motions and pleadings seeking various forms of relief. I submit this Declaration to assist the Court and parties-in-interest in understanding the circumstances that compelled the commencement of this Chapter 11 Case and in support of the Petition and the First Day Pleadings.

8.  In my capacity as CRO, I believe that the relief requested in the First Day Pleadings is necessary and essential to ensure that the Debtor's immediate needs are met and that the Debtor and its stakeholders will not suffer any immediate and irreparable harm as a result of the commencement of this Chapter 11 Case. My opinion as to the necessity of the First Day Pleadings is based upon my firsthand experience as CRO and my review of various materials and information provided to me by the Debtor's personnel and the Debtor's advisors, as well as discussions had in

connection therewith.  The Debtor has only requested the relief necessary to preserve the value of the Debtor's assets during the pendency of this Chapter 11 Case.

## FIRST DAY PLEADINGS

9.  Contemporaneously herewith, the Debtor filed the following pleadings seeking orders granting various forms of relief intended to facilitate the efficient administration of this Chapter 11 Case: (a) *Debtor's Application for Entry of an Order Authorizing the Debtors to Retain Stretto, Inc. as Claims and Noticing Agent, Effective as of the Petition Date* (the "Stretto Application"); and (b) *Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to Redact Certain Personal Identification Information and (II) Granting Related Relief* (the "Redaction Motion" and, together with the Stretto Application, the "First Day Pleadings").

10.  The Debtor has narrowly tailored the First Day Pleadings to meet the goals of continuing its operations in the Chapter 11 Case with as little disruption as possible and efficiently administering the Chapter 11 Case.

11.  I have reviewed each of the First Day Pleadings (and exhibits thereto) and I believe the facts stated therein to be true and correct to the best of my knowledge with appropriate reliance on the Debtor's employees and advisors.  I incorporate by reference the factual statements set forth in each of the First Day Pleadings as though set forth herein.

    A.    **Stretto Retention Application**

12.  The Debtor has filed an application to appoint Stretto, Inc. ("Stretto") as the claims and noticing agent for this Chapter 11 Case, effective as of the Petition Date (the "Stretto Application").  I believe that the retention of Stretto is necessary and appropriate in light of the scope of this Chapter 11 Case and the number of creditors and parties in interest requiring notice.

I understand that Stretto is a data-processing firm with extensive experience providing noticing, claims processing, and other administrative services in chapter 11 cases.

13. Pursuant to 28 U.S.C. § 156(c), Local Rule 2002-1(f), and the *Protocol for the Employment of Claims and Noticing Agents* (the "Claims Agent Protocol"), I respectfully request that the Court waive the requirement that the Debtor obtain and review engagement proposals from at least three (3) court-approved claims and noticing agents.

14. Good cause exists for the requested waiver. This Chapter 11 Case was commenced on an expedited basis in response to an imminent involuntary chapter 11 filing threatened by certain unsecured creditors. As a result, the Debtor was required to prepare and file its bankruptcy petition, first-day pleadings, and related noticing materials on an accelerated timeline in order to preserve value, maintain control over the restructuring process, and avoid the disruption and uncertainty attendant to an involuntary bankruptcy filing.

15. Under these exigent circumstances, soliciting and evaluating multiple competing proposals from claims and noticing agents was impracticable and would have delayed the commencement and orderly administration of this Chapter 11 Case. Instead, the Debtor selected Stretto, a claims and noticing agent approved by this Court, based on Stretto's substantial experience in large and complex chapter 11 cases, its ability to mobilize immediately upon filing, and its willingness to provide services at rates consistent with those customarily charged in this District. Based on my recent experience soliciting claims and noticing agent proposals in other unrelated chapter 11 proceedings, I believe that Stretto's proposed rates are competitive.

16. I submit that enforcing the competitive-proposal requirement under these circumstances would elevate form over substance and would not advance the purposes of 28 U.S.C. § 156(c). The proposed engagement of Stretto is reasonable, necessary, and in the best

interests of the Debtor's estate, and no party in interest will be prejudiced by the requested waiver. Moreover, the Claims Agent Protocol expressly contemplates that its requirements may be modified upon order of the Court, and the facts and circumstances of this Chapter 11 Case warrant such relief.

17. Given the need for the services described above and Stretto's expertise in providing such services, I believe that retaining Stretto will facilitate prompt and effective service of notices, streamline the claims administration process, and allow the Debtor to focus on its chapter 11 restructuring efforts.

18. The Debtor also intends to file a separate application to retain Stretto to serve as administrative agent in this Chapter 11 Case.

19. I believe that the relief requested in the Stretto Application is in the best interests of GST's estate, its creditors, and all other parties in interest and will enable GST to continue to operate its business during this Chapter 11 Case. Accordingly, on behalf of GST, I respectfully request that the Court approve the Stretto Application.

### B. Redaction Motion

20. Through the Redaction Motion, the Debtor requests authority to redact certain personally identifiable information from its creditor matrix, the list of equity holders attached to the Debtor's Petition, the Debtor's schedules of assets and liabilities and statements of financial affairs, and other documents.

21. I believe that the Court should authorize the Debtor to redact personal identification information of individuals from filings in this Chapter 11 Case because, among other reasons, such information could be used to perpetrate identity theft or stalking. With potentially hundreds of individual creditors, the Debtor cannot reasonably know with sufficient certainty whether a release

of such individual creditors' and interest holders' personal information could potentially jeopardize their safety.

22.   I believe that the relief requested in the Redaction Motion is in the best interests of GST's estate, its creditors, and all other parties in interest, and will enable GST to continue to operate its business in chapter 11.  Accordingly, on behalf of GST, I respectfully request that the relief sought by the Redaction Motion be approved.

* * * *

23.   Based on my knowledge, and after reasonable inquiry, I believe approval of the relief requested in the First Day Pleadings is (i) necessary and appropriate to enable the Debtor to transition into chapter 11 with minimal disruption, and (ii) in the best interest of the Debtor's estate and its stakeholders.  I believe that, if the Court does not grant the relief requested by the Debtor in the First Day Pleadings, the Debtor's estate will suffer immediate and irreparable harm. Accordingly, for the reasons set forth herein and in the First Day Pleadings, the Court should grant the relief requested in each of the First Day Pleadings.

[*Signature Page Follows*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and I respectfully request that all of the relief requested in the First Day Pleadings be granted, together with such other relief as is appropriate.

Dated: December 18, 2025

*/s/ Nicholas Rubin*
Nicholas Rubin
Chief Restructuring Officer