## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GST, INC.,[1] | ) ) ) | Case No. 25-12188 (KBO) |
| Debtor. | ) ) ) | **Ref. Docket No. 4, 6** |

## SUPPLEMENTAL DECLARATION OF NICHOLAS RUBIN IN SUPPORT OF RETENTION OF STRETTO, INC. AS CLAIMS AND NOTICING AGENT

Pursuant to 28 U.S.C. § 1746, I, Nicholas Rubin, do hereby declare, under penalty of perjury, the following to the best of my information, knowledge, and belief:

1.  I am a partner with Force Ten Partners, LLC ("Force Ten"), which is a financial advisory firm with its principal office located at 5271 California Avenue, Suite 270, Irvine, California 92617.  Pursuant to Force Ten's engagement agreement with GST, Inc., d/b/a Grand Slam Track, Inc. (the "Debtor"), I have served as the Debtor's Chief Restructuring Officer ("CRO") since December 4, 2025.  I have personal knowledge of the facts set forth in this Declaration, expect as otherwise stated, and, if called as a witness, I could and would competently testify with respect to such facts.  I am over the age of 18 and am authorized to submit this supplemental declaration (this "Declaration") on behalf of the Debtor.

2.  I submit this Declaration in further support of the *Debtor's Application for Entry of an Order Authorizing the Debtors to Retain Stretto, Inc. as Claims and Noticing Agent, Effective as of the Petition Date* [Docket No. 4] (the "Stretto Application"), which was filed on December 18, 2025.

---

[1] The last four digits of the Debtor's taxpayer identification number are 1002. The Debtor's corporate headquarters and service address is 322 Culver Boulevard, Suite 150, Playa Del Rey, CA 90293.

3. On December 11, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. The Debtor intends to continue in possession of its assets and the management of its businesses as debtor in possession during the pendency of this chapter 11 cases (the "Chapter 11 Case"). No trustee or examiner has been appointed in this Chapter 11 Case, and no statutory committees have been appointed at this time.

4. By the Stretto Application, the Debtor respectfully requests that the Court appoint Stretto, Inc. ("Stretto") as the claims and noticing agent for this Chapter 11 Case, effective as of the Petition Date. I believe that the retention of Stretto is necessary and appropriate in light of the scope of this Chapter 11 Case and the number of creditors and parties in interest requiring notice. My opinion as to the necessity of the Stretto Application is based upon my firsthand experience as CRO and my review of various materials and information provided to me by the Debtor's personnel and the Debtor's advisors, as well as discussions had in connection therewith.

5. After filing the Stretto Application, the Debtor received comments from the Office of the United States Trustee (the "U.S. Trustee") regarding the Debtor's proposed retention of Stretto. In response to the U.S. Trustee's comments, the Debtor solicited and obtained two (2) additional written proposals from nationally recognized claims and noticing agents qualified to serve in this District. The Debtor conducted a thorough review of these additional proposals.

6. Following this review and after careful consideration of the relative strengths and limitations of each proposal, I determined that Stretto remains the best option for the Debtor's needs in this Chapter 11 Case. In particular, Stretto's proposal was competitive and financially moderate. Stretto's fee structures and rate schedules were in the middle range of proposals

received, and its proposed staffing plan, technology, and implementation timelines were well suited to the anticipated demands of this Chapter 11 Case.

7. Given the need for the services described above and Stretto's expertise in providing such services, I believe that retaining Stretto will facilitate prompt and effective service of notices, streamline the claims administration process, and allow the Debtor to focus on its chapter 11 restructuring efforts.

8. The Debtor also intends to file a separate application to retain Stretto to serve as administrative agent in this Chapter 11 Case.

9. I believe that the relief requested in the Stretto Application is in the best interests of the Debtor's estate, its creditors, and all other parties in interest and will enable the Debtor to continue to operate its business during this Chapter 11 Case. Accordingly, on behalf of the Debtor, I respectfully request that the Court approve the Stretto Application.

[*Signature Page Follows*]

- 4 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief, and I respectfully request that all of the relief requested in the Stretto Application be granted, together with such other relief as is appropriate.

Dated: December 22, 2025               /s/ *Nicholas Rubin*
                                                       Nicholas Rubin
                                                      Chief Restructuring Officer